|   |   |
|---|---|
| DAVID M. GIVEN (State Bar No. 142375)<br>PHILLIPS, ERLEWINE & GIVEN LLP<br>One Embarcadero Center, Suite 2350<br>San Francisco, California 94111<br>Telephone: (415) 398-0900<br>Facsimile: (415) 398-0911 | LAURA THOMPSON, ESQ.<br>(State Bar No. 219999)<br>2370 Market Street, Suite 318<br>San Francisco, CA 94114<br>Telephone: (415) 264-8423<br>Facsimile: (415) 558-9688 |
| M. KELLY TILLERY<br>NATHAN W. DEAN<br>PEPPER HAMILTON LLP<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>Facsimile: (215) 981-4750<br>*Admitted Pro Hac Vice*<br><br>*Attorneys for Plaintiff* | MATTHEW STAVISH<br>BERENATO, WHITE & STAVISH, LLC<br>6550 Rock Spring Drive, Suite 240<br>Bethesda, Maryland 20817<br>*Pro Hac Vice – Application in Progress*<br><br><br><br><br>*Attorneys for Defendant* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHASE FORWARD INCORPORATED,<br>a Delaware Corporation,<br><br>        Plaintiff<br><br>v.<br><br>MARY NOEL ADAMS, individually and<br>d/b/a PHASE FORWARD<br><br>        Defendant. | CASE NO. 05-4232 JF<br><br><br><br><br>STIPULATED PROTECTIVE<br>**ORDER** AND ADDENDUM TO<br>PROTECTIVE ORDER<br><br>(MODIFIED BY THE COURT) |

The parties to this action have determined that certain information to be filed with the Court or produced during discovery by the parties to this action is "Confidential Information" (as defined in paragraph 1 below), the unauthorized disclosure of which would be detrimental to the legitimate commercial or privacy interests of the parties. Accordingly,

Plaintiff Phase Forward Incorporated ("PHASE FORWARD") and Defendant Mary Noel Adams d/b/a Phase Forward ("MARY NOEL ADAMS"), by and through their respective counsel, hereby stipulate to the following Protective Order for the protection of confidential information, documents and other things produced, served or otherwise provided in this action by the parties or third parties:

1. <u>Definition of "Confidential Information"</u>. "Confidential Information" is defined as follows: trade secrets, sensitive business or financial information; confidential research, development, technical or commercial information; and confidential or private personal information

2. <u>Scope of Order</u>. **Pursuant to Fed.R.Civ.P. 26(c), this** Protective Order governs the handling of all Confidential Information, including documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given or filed during discovery and other proceedings in this action, including Confidential Information produced, given or filed prior to the date of this Protective Order. If any party to another legal proceeding, or a court or an administrative agency, through discovery, demands, subpoenas, or orders production of information which has come into possession of a party hereto as Confidential Information in this litigation, the party receiving such subpoena or order or demand for such Confidential Information shall promptly, and before producing Confidential Information to such other party, court or administrative agency, notify:

    (a) the requesting party, court or administrative agency of this Protective Order; and

    (b) the producing party hereto of the pendency of such discovery demand, subpoena or order to produce. **(See Addendum to Protective Order).**

3. <u>Persons Subject to Order</u>. The provisions of this Protective Order shall apply to the parties to this action, and any other persons producing or disclosing Confidential

Information in this action who agrees to or is ordered to be bound by this Protective Order. As used herein, "Person" includes both the named parties and third parties who have agreed or been ordered to be bound by this Protective Order.

4.  Designation of Confidential Information. Any party and anyone who produces, gives, or files Confidential Information may designate information as Confidential Information if it meets the definition stated in Paragraph 1. (See Addendum to Protective Order).

    (a)  Designation of Documents. Documents may be designated as Confidential Information by stamping "Confidential" or "Confidential — Attorneys' Eyes Only" (or some other similar legend) on each page prior to production. A party that in good faith believes any particular Confidential Information is so sensitive that it should not be disclosed to a director, officer, or employee of a party, may designate that Confidential Information as "Confidential —Attorneys' Eyes Only". Information which is designated "Confidential" or "Confidential — Attorneys' Eyes Only" shall be used by the parties to this action solely as described in paragraphs 5 and 6 below.

    (b)  Designation of Deposition Testimony. Deposition testimony may be designated, in whole or in part, as Confidential Information by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to separately bind the "Confidential" and "Confidential —Attorneys' Eyes Only" portions of the deposition transcript and shall instruct the Court Reporter to stamp the words "Confidential" or "Confidential —Attorneys' Eyes Only," as appropriate, on each page.

(c) <u>Subsequent Designation</u>. Documents, deposition transcripts, and other information may be designated as "Confidential" or "Confidential — Attorneys' Eyes Only," pursuant to 4(a) and (b) above, after they have been produced without having been so designated only under the following conditions:

    (i) Persons to whom such documents, testimony, or other information, have been disclosed must be advised in writing, with affirmative acknowledgment of receipt in writing, of the new designation;

    (ii) The new designation applies only as of the date and time of receipt of notice by each person notified;

    (iii) Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in Paragraph 4(c)(i); and

    (iv) Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, deposition testimony, or other information that bears the designation.

(d) <u>Inadvertent Disclosure</u>. The inadvertent disclosure of "Confidential" information by a producing party without designation at the time of disclosure shall not be treated as a waiver of the confidentiality of the subject matter, nor as a waiver as to the specific information except as described above.

5. <u>Use Limitations</u>. All Confidential Information that is produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this action (including mediation and/or appeals) and not for any business or other purpose whatsoever, and shall not be given, shown, or made available or communicated in any way to anyone except those specified below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph. Except for the Court and its personnel, the persons to whom Confidential Information is disclosed shall, before such disclosure, agree to be bound by this Protective Order by signing a copy of the acknowledgment form attache4 as Exhibit A and advised that the violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) will constitute contempt of Court.

6. <u>Persons To Whom Confidential Information May Be Disclosed</u>.

    (a)   "Confidential" Information. Except as otherwise provided by this Protective Order, or as may be otherwise ordered by the Court, information designated as "Confidential" shall be disclosed only to:

        (i)   outside counsel of record for the parties in this action, and other attorneys, clerical, paralegal and other staff employed by such counsel or parties;

        (ii)   consultants or experts retained by a party for the prosecution or defense of this action, provided that the party, before disclosing any Confidential Information to that individual, shall notify the opposing party who shall have three (3) days from such notice in which to object to such disclosure and five (5) days from such objection to move for a protective order preventing or limiting

such disclosure if the parties are unable to reach an agreement after such objection;

(iii) such officers, directors, or employees, including in-house counsel, of the parties, as counsel, in good faith, requires to provide assistance in the prosecution or defense of this action, and for no other purpose;

(iv) the Court (only in the manner provided by paragraph 7 below) and court personnel;

(v) any other Person as to whom the producing party agrees in writing;

(vi) witnesses at deposition (where such witness is employed by the party making the designation) or trial; and

(vii) court reporters employed in connection with this action.

(b) "Confidential -- Attorneys' Eyes Only" Information. Except as otherwise provided by this Protective Order, or as may be otherwise ordered by the Court, information designated as "Confidential —Attorneys' Eyes Only" shall be disclosed only to Persons described in paragraph 6(a)(i), (ii), (iii), (v), (vi) and (vii) above who have agreed or who have been ordered to be bound by this Protective Order. Notwithstanding the foregoing, all copies of information designated as "Confidential — Attorneys' Eyes Only" that are received or made by the receiving party shall at all times remain in the custody of outside counsel of record for that party.

(c) Disclosure of Confidential Transcripts to the Deponent. Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a

copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the acknowledgment form.

  (d) <u>Exceptions</u>.

    (i) This Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies.

    (ii) If a document designated as Confidential Information refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its author, or its source.

  7. Without written permission from the producing party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any material designated as "Confidential" or "Confidential — Attorneys' Eyes Only." A party that seeks to file under seal any information designated as "Confidential" or "Confidential — Attorneys' Eyes Only" must comply with Civil Local Rule 79-5.

  8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. If good faith meet-and-confer negotiations do not resolve the dispute, the party objecting to confidential treatment may thereafter, ~~upon at least five (5) days' written notice,~~ apply to the Court by motion for a ruling that the document or transcript should not be treated as "Confidential" or "Confidential — Attorneys' Eyes Only." Such a motion shall be made within a reasonable period of time, after notice of the objection to a "Confidential" or "Confidential --Attorneys' Eyes Only" designation is given. The designating party shall have the burden of proving the information is Confidential.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    ~~(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or~~

    (c) the Court rules the material is not Confidential Information.

10. At the conclusion of this litigation (i.e., upon its final dismissal), all copies of all documents or transcripts designated "Confidential" or "Confidential – Attorneys' Eyes Only," and except for materials filed with the Court, and any copies thereof, shall either be destroyed or returned to the party or person furnishing the same. In addition, all copies of all summaries or other materials containing or disclosing information contained in "Confidential" or "Confidential – Attorneys' Eyes Only" documents or transcripts shall be either destroyed or returned to the party or person furnishing the same, except for materials filed with the Court. This Order shall continue to be binding after the conclusion of this litigation, except that, unless otherwise ordered by this Court, there shall be no restriction on documents or transcripts that

1   are (a) used as exhibits and/or offered into evidence at the trial of this action, and (b) not
2   covered by any subsequent and inclusive confidentiality order. The Court will retain jurisdiction to
    enforce the terms of this Protective Order for a period of six months after the
3   DATED:      ~~March~~ , 2006.           conclusion of this litigation.
4           *April 26, 2006*
                                PEPPER HAMILTON LLP
5
6                               By: _____
7                                   M. Kelly Tillery, Esquire
                                    Attorneys for Plaintiff
8
9   DATED:      March  , 2006
10
                                BERENATO, WHITE & STAVISH, LLC
11
12
                                By: _____  4/13/2006
13                                  Matthew Stavish, Esquire
                                    Attorneys for Defendant
14

1
2
3  Dated: _____ **May 10**, 2006.
4
5

(AS MODIFIED BY THE COURT)
PURSUANT TO STIPULATION, IT IS SO ORDERED.

~~JEREMY VOGEL~~   **HOWARD R. LLOYD**
United States ~~District~~ Judge
                **Magistrate**

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ADDENDUM TO PROTECTIVE ORDER
Phase Forward Incorporated v. Adams
Case No. C05-04232 JF (HRL)

IT IS HEREBY ORDERED as follows:

<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS</u>:

The purpose of these terms is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a party that has received such subpoena, order or demand to disobey a lawful directive from another court.

<u>DESIGNATION OF INFORMATION</u>:

Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass or indiscriminate designations are prohibited.  Designations that are clearly shown to be unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

1  **5:05-cv-4232 Notice will be electronically mailed to**:

2  Randy Scott Erlewine rse@phillaw.com

3  David Given dmg@phillaw.com,

4  Spencer Martinez scm@phillaw.com,

5  Laura Thompson LThompsonesq@comcast.net

6  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.