**E-filed 7/21/06**

1  DAVID M. GIVEN (State Bar No. 142375)
   SPENCER C. MARTINEZ (State Bar No. 206337)
2  PHILLIPS, ERLEWINE & GIVEN LLP
   One Embarcadero Center, Suite 2350
3  San Francisco, California 94111
   Telephone: (415) 398-0900
4  Facsimile: (415) 398-0911

5  M. KELLY TILLERY
   NATHAN W. DEAN
6  PEPPER HAMILTON LLP
   3000 Two Logan Square
7  Eighteenth and Arch Streets
   Philadelphia, PA  19103
8  Telephone: (215) 981-4000
   Facsimile: (215) 981-4750
9  *PRO HAC VICE*

10 Attorneys for Plaintiff

11           IN THE UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13                 SAN JOSE DIVISION

14

15 PHASE FORWARD INCORPORATED,          )   CASE NO.  C 05-4232 JF (HRL)
                                        )
16                  Plaintiff,          )   **STIPULATION AND
                                        )   [PROPOSED] ORDER
17 v.                                   )   GRANTING LEAVE TO FILE
                                        )   AMENDED COMPLAINT**
18 MARY NOEL ADAMS,                     )
                                        )
19                  Defendant.          )
                                        )
20 _____  )

21      Plaintiff PHASE FORWARD INCORPORATED ("Plaintiff") and defendant

22 MARY NOEL ADAMS ("Adams"), by and through their respective counsel, hereby

23 stipulate as follows:

24                        **RECITALS**

25      WHEREAS, Plaintiff filed this action on October 19, 2005, generally alleging

26 trademark infringement and trademark dilution by Adams of certain PHASE FORWARD

27 trademarks.

28

1    WHEREAS, at the time of filing, Plaintiff was informed and believed that Adams

2  was a sole proprietor doing business under the name "Phase Forward," and was the only

3  appropriate defendant in this lawsuit.

4    WHEREAS, on May 23, 2006, Plaintiff took the deposition of defendant Adams.

5  Adams testified that in approximately the beginning of 2004, she formed "Phase Forward

6  LLC," of which she is President and sole shareholder.

7    WHEREAS, Plaintiff desires to amend its complaint in this action to add Phase

8  Forward LLC as a defendant.  Counsel to Adams has agreed to stipulate to the amendment,

9  and has advised that it will also serve as counsel to Phase Forward LLC.

10                    **STIPULATION**

11    Phase Forward Incorporated and Mary Noel Adams, through their respective

12  counsel, stipulate and agree that pursuant to Federal Rules of Civil Procedure 15 and 21,

13  Phase Forward Incorporated may file an Amended Complaint, a copy of which is attached

14  hereto.

15    It is further stipulated that defendant Adams waives notice and service of the

16  Amended Complaint and shall be deemed served as of the date this stipulation is adopted

17  as an order of Court.

18    It is further stipulated that Phase Forward LLC waives formal service of the

19  summons and Amended Complaint, and is deemed served as of the date this stipulation is

20  adopted as an order of Court.

21

22  DATED: June 9, 2006                PHILLIPS, ERLEWINE & GIVEN LLP

23

24                          By:
                            Spencer C. Martinez
25                          Attorney for Plaintiff

26  DATED: June 9, 2006

27                          _____
                            Laura A. Thompson, Esq.
28                          Attorney for Defendant
                            Mary Noel Adams

Phillips, Erlewine & Given LLP
One Embarcadero Center

1

2                                        <u>ORDER</u>

3          Good cause appearing, IT IS SO ORDERED.

4

5   DATED: __July 21____, 2006          _____

6                                        United States District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Phillips, Erlewine & Given LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

1  DAVID M. GIVEN (State Bar No. 142375)
   SPENCER C. MARTINEZ (State Bar. No. 206337)
2  PHILLIPS, ERLEWINE & GIVEN LLP
   One Embarcadero Center, Suite 2350
3  San Francisco, California  94111
   Telephone:  (415) 398-0900
4  Facsimile:  (415) 398-0911

5
   M. KELLY TILLERY
6  NATHAN W. DEAN
   PEPPER HAMILTON LLP
7  3000 Two Logan Square
   Eighteenth and Arch Streets
8  Philadelphia, PA  19103
   Telephone: (215) 981-4000
9  Facsimile: (215) 981-4750
   *Pro Hac Vice*
10
   **Attorneys for Plaintiff**
11

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

15
   PHASE FORWARD INCORPORATED, a      )      CASE NO. 05-4232 JF (HRL)
16 Delaware Corporation,              )
                                      )
17              Plaintiff             )
                                      )
18        v.                          )      AMENDED COMPLAINT FOR
                                      )      TRADEMARK DILUTION,
19 MARY NOEL ADAMS, individually and  )      TRADEMARK
   d/b/a PHASE FORWARD, and PHASE     )      INFRINGEMENT AND UNFAIR
20 FORWARD LLC, a California Limited   )      COMPETITION
   Liability Company.                 )
21                                    )      JURY DEMAND
                                      )
22              Defendants.

23

24        Plaintiff alleges:

25                        <u>**THE PARTIES**</u>

26        1.     Plaintiff PHASE FORWARD INCORPORATED is a Delaware

27 corporation with a principal place of business located at 880 Winter Street, Waltham,

28 Massachusetts 02451.

2.     Upon information and belief, Defendant MARY NOEL ADAMS who is and/or was at times which are relevant hereto an individual and a sole proprietor doing business under the name PHASE FORWARD, with a principal home and office address of 1707 Baker Street, San Francisco, California 94115.

3.     Upon information and belief, Defendant PHASE FORWARD LLC is a California Limited Liability Company with a principal office address of 1707 Baker Street, San Francisco, California 94115.

4.     Upon information and belief, Defendant MARY NOEL ADAMS is the sole member and shareholder of Defendant PHASE FORWARD LLC.

## NATURE OF ACTION

5.     PLAINTIFF brings this action for Federal Trademark Infringement (15 U.S.C. § 1114), Federal Unfair Competition (15 U.S.C. § 1125(a)), Federal Trademark Dilution (15 U.S.C. § 1125(c)), State Trademark Infringement (Cal. Bus. & Prof. Code § 14335), State Trademark Dilution (Cal. Bus. & Prof. Code § 14330), State Statutory Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.), Common Law Trademark Infringement and Unfair Competition, and judicial review of a final Trademark Trial and Appeal Board ("TTAB") decision (5 U.S.C. §§ 701 et seq.; 15 U.S.C. §§ 1063, 107 1(b)).

## JURISDICTION AND VENUE

6.     Subject matter jurisdiction before this Court is founded upon 5 U.S.C. § 701 (review of final agency action), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademarks and unfair competition).

7.     Venue in this Judicial District with respect to the claims set forth herein against DEFENDANTS is proper pursuant to 28 U.S.C. § 139 1(b)(1) and (2).  Defendant MARY NOEL ADAMS is subject to personal jurisdiction in this District as she resides in and does business in this District and has caused tortious injury in this District.  Therefore,

-2-

Defendant MARY NOEL ADAMS resides in this Judicial District for purposes of 28 U.S.C. § 1391. Defendant PHASE FORWARD LLC is subject to personal jurisdiction in this District as it does business in this District and has caused tortious injury in this District. Therefore, Defendant PHASE FORWARD LLC resides in this Judicial District for purposes of 28 U.S.C. § 1391.

## **INTRODUCTION**

8.      Defendant MARY NOEL ADAMS filed an Application to register the mark PHASE FORWARD with the United States Patent and Trademark Office ("USPTO") in International Class 35 for "Consultation services in the fields of product management, marketing and business planning," under Serial No. 78/169,672, filed October 1, 2002 with an alleged first use in commerce of September 20, 2002.

9.      PLAINTIFF, the U.S. registered mark holder for the mark PHASE FORWARD, sent a cease-and-desist letter on February 26, 2003 to Defendant MARY NOEL ADAMS requesting that she refrain from further use of PLAINTIFF's registered trademark.

10.      Defendant MARY NOEL ADAMS refused to cease and desist and an Application was published in the Official Gazette (Trademarks) for Opposition on May 13, 2003 at Page TM 472. PLAINTIFF filed a Pre-Publication Letter of Protest on February 26, 2003 and a Notice of Opposition on June 23, 2003.

11.      On August 23, 2005, after completing its Opposition procedure, the TTAB rendered its Final Decision on the merits. A copy of the decision is attached hereto as Exhibit "A".

## **PLAINTIFF'S RIGHTS IN THE PHASE FORWARD MARKS**

12.      PLAINTIFF owns the following PHASE FORWARD trademarks (hereinafter collectively, the "PFI Marks") which have been registered with the USPTO:

-3-

      a.      PHASE FORWARD (word mark)-Reg. No. 2,366,760,
Registered 7/11/00 (date of first use in commerce-12/14/98);

      b.      PF PHASE FORWARD (design mark)-Reg. No. 2,580,055,
Registered 6/11/00, (date of first use in commerce-8/1 5/00); and

      c.      PF PHASE FORWARD (design mark)-Reg. No. 2,599,003,
Registered 7/23/02, (date of first use in commerce-5/00/0 1).

    13.     PLAINTIFF's PHASE FORWARD family of marks also include
registrations in two (2) additional countries and the European Union:

      a.      PHASE FORWARD (word mark)-Japan-Reg. No. 4,655,385,
Registered March 20, 2003;

      b.      PHASE FORWARD (word mark)-Australia-Reg. No. 902845,
Registered February 8, 2002; and

      c.      PHASE FORWARD (word mark)-Community Trademark-Reg.
No. 001821578, Registered August 20, 2002.

    14.     PLAINTIFF's registered PFI Marks are for "Computer software used in
the management of clinical trials of pharmaceutical products and medical devices and
management of data resulting therefrom" (Reg. No. 2,366,760 and 2,599,003) and "Clinical
data collection in the field of clinical and medical trial management and management services
related to human clinical trials" (Reg. No. 2,580,055).

    15.     Additionally, PLAINTIFF uses the PHASE FORWARD trademark and
brand name in association with its other goods, including the marks INFORM, INFORM
UNPLUGGED, CLINTRACE, CLINTRIAL and INFORM ARCHITECT (software for
electronic date management for clinical trials), and services, including the mark INPHASE
(support services for PLAINTIFF's software).

-4-

16.    As of December 14, 1998, PLAINTIFF commenced bona fide use of its PHASE FORWARD mark on its goods and services distributed and sold in U.S. commerce. PLAINTIFF's use of PHASE FORWARD on its goods and services has been valid and continuous since at least that date.

## DEFENDANT'S APPLICATION AND USE OF HER/ITS MARK

17.    Defendant MARY NOEL ADAMS first adopted the mark PHASE FORWARD on August 12, 2002.

18.    Defendant MARY NOEL ADAMS has been doing business as PHASE FORWARD since October 1, 2002.

19.    Defendant PHASE FORWARD LLC has been doing business since at least as early as the beginning of 2004.

## PLAINTIFF'S BUSINESS AND CUSTOMERS

20.    PLAINTIFF is currently qualified as a foreign corporation doing business in Arizona, California, Delaware, Georgia, Indiana, Massachusetts, Michigan, New Jersey, Pennsylvania and Washington, with offices in Kirkland, WA; Chicago, IL; Waltham, MA ~headquarters); Everleigh, Australia; Maidenhead, U.K.; Paris, France; and Tokyo, Japan.

21.    PLAINTIFF conducts business in the fields of developing and marketing computer software and services used in pharmaceutical/biomedical clinical trials for electronic data capture, data management and adverse event reporting, including such products as: INFORM UNPLUGGED (wireless data entry software in clinical trials); CLINTRIAL (clinical data management software); InForm (electronic data capture software); as well as related services including training, installation and implementation ) PFI software and consultation work such as "advice in integrating the products into their other systems" and advice as to how PFI products would work within their systems.

-5-

22.     PLAINTIFF's clients include healthcare industry companies such as pharmaceutical and biomedical companies, clinical research organizations, and hospitals ~and universities.

## DEFENDANTS' BUSINESS AND CUSTOMERS

23.     DEFENDANTS currently conduct business in Walnut Creek, Mill Valley and San Francisco, California, Philadelphia, Pennsylvania, Dallas, Texas and Denver, Colorado and is also promoting the PHASE FORWARD mark throughout the United States.

24.     DEFENDANTS also conduct business and advertisement via electronic media, the Internet, which reaches the entire country and the world.

25.     DEFENDANTS conduct business in the fields of product management, marketing and business planning and has performed projects including: developing Wi-Fi strategies for Blue Mug (Berkeley, California software company) for wireless software service to run on handhelds and wireless phones; and development/marketing of consumer electronic devices similar to a laptop for use in PDAs and mobile phones accessing wireless networks.

26.     DEFENDANTS have expressed an interest to team up with a health care consultancy and do wireless applications for them.  Such applications included discussion as to equipping hospitals with wireless infrastructure which allows use of PDAs and the ability to perform electronic data capture.

27.     DEFENDANTS proposed ideas to companies such as Blue Mug to introduce products and services to the health care market, such as PDAs and other wireless applications.

28.     DEFENDANTS' clients include Blue Mug (developer of software for mobile devices); Microsoft Corporation (software company); and Leukemia and Lymphoma Society (voluntary health organization dedicated to funding cancer research, education and patient services).

PHLEGAL: #1920141 v4 (155!904!.DOC)

## SIMILAR BUSINESS AND CUSTOMERS

29.     DEFENDANTS and PLAINTIFF each offer consulting services to companies involved in the pharmaceutical, biomedical and healthcare industry.  They are both involved with and have clients in the wireless software and wireless services industries and assist in consulting and business planning functions.

## PLAINTIFF'S OTHER INTELLECTUAL PROPERTY

30.     PLAINTIFF is the owner and legal user of the domain name www.phaseforward.com and has owned that domain name since as early as June 20, 1997.

31.     PLAINTIFF is also the owner and legal user of domain names www.phaseforward.biz and www.phaseforward.org and has owned each domain name since as early as September 13, 2002.

## DISPUTED INTELLECTUAL PROPERTY

32.     Defendant MARY NOEL ADAMS is currently the owner and user of the domain name www.phaseforward.net and has owned the domain name since August 22, 2002.

33.     A domain name dispute regarding the domain www.phaseforward.net was filed with the National Arbitration Forum on July 3, 2003 by PLAINTIFF against Defendant MARY NOEL ADAMS.  A Notice of Decision was rendered on September 3, 2003 in which the Complaint was dismissed without prejudice as a result of the then pending TTAB Action.

## DEFENDANT MARY NOEL ADAMS'S EFFORTS TO REGISTER PHASE FORWARD

34.     Prior to Application for the PHASE FORWARD mark, Defendant MARY NOEL ADAMS conducted a web-search of the USPTO database and determined that PLAINTIFF's PHASE FORWARD mark had already been registered and was in use.

35.     Defendant MARY NOEL ADAMS never received an opinion from any attorney regarding usage of the mark.

-7-

## PLAINTIFF'S ATTEMPTS TO PROTECT ITS INTELLECTUAL PROPERTY

36.     PLAINTIFF vigorously fights to protect the good name and reputation of its marks and has sent cease-and-desist letters to unauthorized users of its marks.

37.     PLAINTIFF subscribes to a Watch Notice Service to monitor the Applications for marks similar to PLAINTIFF's including PHASE FORWARD to protect PLAINTIFF's marks.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

38.     PLAINTIFF incorporates by reference into Count I all allegations contained in paragraphs 1 through 37 of this Complaint as though set forth fully herein.

39.     DEFENDANTS have adopted and are using in interstate commerce in connection with its goods and services the PHASE FORWARD mark including, but not limited to, use of an Internet domain name identical to the PFI Marks.  DEFENDANTS' use of the PHASE FORWARD mark is likely to cause confusion, mistake and deception among purchasers, potential purchasers and the relevant public as to source or sponsorship of DEFENDANTS' products and/or their affiliation with PLAINTIFF.  Such uses have and are likely to cause damage to PLAINTIFF's business reputation and goodwill, and are further likely to impede PLAINTIFF's ability to use its marks effectively.

40.     DEFENDANTS' activities have been willful, knowing, deliberate, malicious and intentional, causing a likelihood of confusion.  DEFENDANTS' actions were further done with the intent to trade upon the goodwill and reputation of PHASE FORWARD and the PFI Marks.

41.     PLAINTIFF's business, goodwill, and reputation have been and will continue to be irreparably harmed by the DEFENDANTS' activities unless the DEFENDANTS are enjoined.

-8-

PHLEGAL: #1920141 v4 (15SI904!.DOC)

42.     PLAINTIFF's remedy at law is inadequate.

43.     DEFENDANTS' actions constitute trademark infringement in violation of 15 U.S.C. § 1114.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## COUNT II

## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A))

44.     PLAINTIFF incorporates by reference into Count II all allegations contained in paragraphs 1 through 43 of this Complaint as though set forth fully herein.

45.     DEFENDANTS have adopted and are using in interstate commerce a PHASE FORWARD mark, as an Internet domain name and otherwise, identical to the PFI Marks. DEFENDANTS' PHASE FORWARD mark is being used to assist in the sale of DEFENDANTS' products, in a manner likely to cause confusion or mistake among consumers in the marketplace. Such uses are likely to cause damage to the PLAINTIFF's business reputation and goodwill, and are further likely to impede PLAINTIFF's ability to use its PFI Marks effectively.

46.     DEFENDANTS' use of marks identical to the PFI Marks constitutes use in commerce of a mark that is likely to cause confusion or mistake among consumers. Additionally, DEFENDANTS' use of such marks is likely to deceive consumers into believing that DEFENDANTS are somehow affiliated, connected, or associated with PLAINTIFF, or that PLAINTIFF sponsors or approves of DEFENDANTS' products or services.

47.     DEFENDANTS' activities as alleged herein impede the ability of PLAINTIFF to utilize the PFI Marks in a way that is beneficial to PLAINTIFF, and thereby have allowed the DEFENDANTS to compete unfairly with PLAINTIFF.

48.     DEFENDANTS' activities have been willful, knowing, deliberate, malicious and intentional, causing a likelihood of confusion. DEFENDANTS' actions were

-9-

further done with the intent to trade upon the goodwill and reputation of PLAINTIFF and the PFI Marks.

49.     PLAINTIFF's business, goodwill, and reputation have been and will continue to be irreparably harmed by the DEFENDANTS' activities unless the DEFENDANT are enjoined.

50.     PLAINTIFF's remedy at law is inadequate.

51.     DEFENDANTS' activities constitute unfair competition in violation of 15 U.S.C. § 1125(a).

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## COUNT III

## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(C))

52.     PLAINTIFF incorporates by reference into Count III all allegations contained in paragraphs 1 through 51 of this Complaint as though set forth fully herein.

53.     The PFI Marks have, through extensive and widespread use by PLAINTIFF, become sufficiently distinct and well known by the public so as to be considered "famous" for purposes of the Federal Lanham Act, 15 U.S.C. § 1125(c).

54.     DEFENDANTS' activities, including use in interstate commerce of a mark identical to the PFI Marks, has caused and will continue to cause dilution of the distinctive quality of the PFI Marks, in violation of 15 U.S.C. § 1125(c).

55.     DEFENDANTS' conduct complained of herein was done willfully, knowingly, deliberately, maliciously and intentionally, with full knowledge of its capability to dilute the distinctive quality of the PFI Marks, and with the specific intent to trade on PLAINTIFF's reputation and to dilute the distinctive quality of the PFI Marks.

-10-

56.     PLAINTIFF's business, goodwill and reputation have been and will continue to be irreparably harmed by the DEFENDANTS' activities unless the DEFENDANTS are enjoined.

57.     PLAINTIFF's remedy at law is inadequate.

58.     DEFENDANTS' activities constitute dilution in violation of 15 U.S.C. § 1125(c).

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## COUNT IV

## CALIFORNIA STATE STATUTORY TRADEMARK INFRINGEMENT (CAL. BUS. & PROF. CODE § 14335)

59.     PLAINTIFF incorporates by reference into Count IV all allegations contained in paragraphs 1 through 58 of this Complaint as though set forth fully herein.

60.     DEFENDANTS' acts constitute infringement pursuant to California Business & Professions Code § 14335.

61.     PLAINTIFF has been damaged and will continue to be damaged by DEFENDANTS' infringement.

62.     PLAINTIFF's business, goodwill, and reputation have been and will continue to be irreparably harmed by DEFENDANTS' activities unless DEFENDANTS are enjoined.

63.     PLAINTIFF's remedy at law is inadequate.

64.     DEFENDANTS' actions constitute state trademark infringement in violation of California Business & Professions Code § 14335.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

PHLEGAL: #1920141 v4 (155I904!.DOC)

## COUNT V

## CALIFORNIA STATE TRADEMARK DILUTION
### (CAL. BUS. & PROF. CODE § 14330)

65.     PLAINTIFF incorporates by reference into Count V all allegations contained in paragraphs 1 through 64 of this Complaint as though set forth fully herein.

66.     The PFI Marks have, through extensive and widespread use by PLAINTIFF, become sufficiently distinct and well known by the public so as to be considered "famous" for purposes of California Business & Professions Code § 14330.

67.     DEFENDANTS' activities, specifically including use of a mark identical to the PFI Marks, have caused and will continue to cause dilution of the distinctive quality of the PFI Marks, in violation of California Business & Professions Code §

68.     PLAINTIFF's business, goodwill and reputation have been and will continue to be irreparably harmed by the DEFENDANTS' activities unless the DEFENDANTS are enjoined.

69.     PLAINTIFF's remedy at law is inadequate.

70.     DEFENDANTS' activities constitute dilution in violation of California Business & Professions Code § 14330.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## COUNT VI

## CALIFORNIA STATE UNFAIR COMPETITION
### (CAL. BUS. & PROF. CODES § 17200 et seq.)

71.     PLAINTIFF incorporates by reference into Count VI all allegations contained in paragraphs 1 through 70 of this Complaint as though set forth fully herein.

72.     DEFENDANTS' adoption and use of the PHASE FORWARD mark constitutes an unlawful, unfair, and fraudulent business practices and misleading advertising in violation of California Business & Professions Code § 17200 et seq.

-12-

73.    PLAINTIFF has been damaged and will continue to be damaged by DEFENDANTS' unlawful, unfair, and fraudulent business practices and misleading advertising as alleged herein.

74.    PLAINTIFF's business, goodwill, and reputation have been and will continue to be irreparably harmed by the DEFENDANTS' activities unless the DEFENDANTS are enjoined.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## COUNT VII

## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

75.    PLAINTIFF incorporates by reference into Count VII all allegations contained in paragraphs 1 through 74 of this Complaint as though set forth fully herein.

76.    PLAINTIFF owns common law trademark rights in the PFI Marks by virtue of its use of the marks in connection with its goods and services detailed above since December 14, 1998.

77.    DEFENDANTS' acts alleged herein constitute common law trademark infringement and unfair competition under California common law.

78.    PLAINTIFF has been damaged and will continue to be damaged by DEFENDANTS' trademark infringement and unfair competition.

79.    PLAINTIFF's business, goodwill, and reputation have been and will continue to be irreparably harmed by the DEFENDANTS' activities unless the DEFENDANTS are enjoined.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

-13-

## COUNT VIII

## REQUEST FOR JUDICIAL REVIEW OF TRADEMARK TRIAL AND APPEAL BOARD DECISION (5 U.S.C. § 701 ET SEG; 15 U.S.C. §§ 1063, 1071(b))

80.     PLAINTIFF incorporates by reference into Count VIII all allegations contained in paragraphs 1 through 79 of this Complaint as though set forth fully herein.

81.     As the TTAB has issued a Final Decision denying PLAINTIFF's opposition to Defendant MARY NOEL ADAMS'S Trademark Application, PLAINTIFF respectfully requests de novo judicial review of the decision under the Administrative Procedures Act and the Lanham Act.

82.     Defendant MARY NOEL ADAMS'S mark is identical to PLAINTIFF's PFI Marks and is likely to cause confusion, mistake and/or deception as to the source and/or origin of Defendant MARY NOEL ADAMS'S goods and services, thereby irreparably damaging PLAINTIFF and PLAINTIFF's goodwill in the PFI Marks.

83.     Defendant MARY NOEL ADAMS'S registration of her mark is further likely to cause the public to assume erroneously that Defendant MARY NOEL ADAMS'S goods and services are sponsored by PLAINTIFF or that they are in some way connected with PLAINTIFF, thereby irreparably damaging PLAINTIFF and PLAINTIFF's goodwill in the PFI Marks.

84.     Permitting Defendant MARY NOEL ADAMS'S application to register its mark in the USPTO, as ordered by the TTAB, will irreparably damage PLAINTIFF and PLAINTIFF's goodwill in the PFI Marks.

85.     For the reasons stated herein, the Court should order that Defendant MARY NOEL ADAMS'S United States Trademark Application Number 78/169,672 be denied registration in the USPTO.

-14-

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully requests that the Court:

A.    Declare that DEFENDANTS' unauthorized conduct violates PLAINTIFF's rights under the federal Lanham Act, California Business & Professions Code, and California common law.

B.    Permanently enjoin DEFENDANTS, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from:

1.    Infringing PLAINTIFF's PFI Marks in any manner and from continuing to use any of the PFI Marks or any other confusingly similar trademark and/or designation including, but not limited to, an identical or confusingly similar Internet domain name, in connection with any goods or services or the sale, distribution, advertising, labeling or packaging of any goods or services;

2.    Engaging in any conduct which falsely tends to represent or is likely to confuse, mislead or deceive vendors, consumers and/or members of the public into thinking that DEFENDANTS are affiliated with PLAINTIFF or that DEFENDANTS' goods or services are offered by PLAINTIFF and/or that DEFENDANTS' goods or services have been sponsored, approved or licensed by PLAINTIFF;

3.    Engaging in any conduct tending to cause injury to the business and/or reputation of PLAINTIFF and to dilute the distinctive quality of PLAINTIFF's PFI Marks; and

4.    Otherwise unfairly competing with PLAINTIFF.

C.    Order DEFENDANTS to deliver to PLAINTIFF all documents, goods and materials in its possession bearing any trademark or designation which is confusingly similar or substantially identical to PLAINTIFF's PFI Marks.

-15-

D.      Award profits to PLAINTIFF and assess against DEFENDANTS damages (including PLAINTIFF's lost profits) in an amount to be determined at trial and trebling such damages under the circumstances of this case;

E.      Award to PLAINTIFF and assess against DEFENDANTS punitive or exemplary damages;

F.      Award to PLAINTIFF and assessing against DEFENDANTS the costs, expert witness fees, and reasonable attorneys' fees incurred in connection with this action under applicable law;

G.      Order the Director of the USPTO to deny registration of Defendant MARY NOEL ADAMS'S U.S. Trademark Application Number 78/169,672; and

H.      Grant PLAINTIFF such additional, other, or further relief as the Court deems proper and just.

Dated:                                          PHILLIPS, ERLEWINE & GIVEN LLP


                                                By:
                                                   Spencer C. Martinez
                                                   Attorney for Plaintiff



                                    **JURY DEMAND**

PLAINTIFF demands trial by jury.

Dated:                                          PHILLIPS, ERLEWINE & GIVEN LLP


                                                By:
                                                   Spencer C. Martinez
                                                   Attorney for Plaintiff

-16-

THIS DISPOSITION IS NOT
CITABLE AS PRECEDENT
OF THE TTAB

Mailed:
August 23, 2005
Bucher

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

Phase Forward Incorporated

v.

Mary Noel Adams
_____

Opposition No. 91156778
to Serial No. 78169672
_____

David J. Shannon and M. Kelly Tillery of Leonard Tillery &
    Sciolla, LLP for Phase Forward Incorporated.

Matthew W. Stavish of Liniak Berenato & White, LLC for Mary
    Noel Adams.
_____

Before Seeherman, Bucher and Grendel, Administrative
    Trademark Judges.

Opinion by Bucher, Administrative Trademark Judge:

    Mary Noel Adams seeks registration on the Principal

Register of the mark PHASE FORWARD (standard character

drawing) for services recited in the application as

"consultation services in the fields of product management,

marketing and business planning," in International Class 35.[1]

    Registration has been opposed by Phase Forward

Incorporated.  As its grounds for opposition, opposer

_____
[1]    Application Serial No. 78169672 was filed on October 1, 2002
based upon applicant's allegation of first use anywhere and first
use in commerce at least as early as September 20, 2002.

# EXHIBIT A

asserts that applicant's mark when used in connection with
applicant's services so resembles opposer's previously used
and registered marks, as well as its "family" of marks, as
to be likely to cause confusion, to cause mistake or to
deceive under Section 2(d) of the Lanham Act, and
furthermore, that should applicant be issued a registration,
it is likely to injure opposer's business reputation and
dilute the distinctive quality of opposer's famous trade
name and registered marks under Section 43(c) of the
Trademark Act.

Applicant, in her answer, has denied the salient
allegations in the opposition.

### The Record

By operation of the rules, the record includes the
pleadings and the file of the opposed application.  Opposer
has also made of record its pleaded registrations by
submitting certified status and title copies of the
following three registrations:

---

REGISTRATION NO. 2366760   **PHASE FORWARD**   (STANDARD CHARACTER DRAWING)
for "computer software used in the management of clinical trials
    of pharmaceutical products and medical devices and management
    of data resulting therefrom" in International Class 9;[2]

---

[2]   Registration No. 2366760 issued on July 11, 2000 claiming
first use anywhere at least as early as June 3, 1997 and first use
in commerce at least as early as December 14, 1998.

- 2 -

Opposition No. 91156776

---

REGISTRATION NO. 2580055    **PHASEFORWARD**

for "clinical data collection in the field of clinical and
    medical trial management and management services related to
    human clinical trials" in International Class 42;[3] and

---

REGISTRATION NO. 2599003    **PHASEFORWARD**

for "computer software used in the management of clinical trials
    of pharmaceutical products and medical devices and management
    of data resulting therefrom" in International Class 9.[4]

---

Opposer has also made of record, pursuant to a notice of

reliance, applicant's responses to opposer's first set of

interrogatories; the discovery deposition, with the relevant

exhibits, of Mary Noel Adams, the applicant herein; and a

decision by the National Arbitration Forum in a domain name

dispute involving the parties herein.

The parties have fully briefed the case, but an oral

hearing was not requested.

### Preliminary matters

Opposer also submitted a number of additional materials

under its notice of reliance.  However, for various reasons,

these materials cannot be made of record in this fashion,

---

[3]     Registration No. 2580055 issued on June 11, 2002 claiming
first use anywhere and first use in commerce at least as early as
August 15, 2000.
[4]     Registration No. 2599003 issued on July 23, 2002 claiming
first use anywhere and first use in commerce at least as early as
May 2001.

- 3 -

and therefore they have not been considered.  They include

opposer's own responses to applicant's first set of

interrogatories.  Under the circumstances of this case

(where applicant has submitted no evidence during its

testimony period), an answer to an interrogatory may be

submitted and made part of the record by only the inquiring

party.  37 CFR §2.120(j)(3)(i)(5).  Similarly, opposer may

not rely on the discovery deposition of its own corporate

counsel, which was taken by applicant.  37 CFR §2.120(j)(1).

Opposer submitted the pleadings from a domain name

dispute between the parties, but these documents do not

qualify as official records under 37 CFR §2.122(e).  As to

the affidavits of Christopher D. Olsyk, Jr., and Lynette H.

Rezac, affidavits cannot be submitted unless the parties

have stipulated to this, and no such stipulations have been

filed.  37 CFR §2.123(b).  Furthermore, as to the results of

Mr. Olsyk's Internet search, printouts from Internet web

searches cannot be submitted by a notice of reliance as they

do not qualify as printed publications under 37 CFR

§2.122(e).  See In re Total Quality Group Inc., 51 USPQ2d

1474 (TTAB 1999).  See also Raccioppi v. Apogee Inc., 47

USPQ2d 1368 (TTAB 1998) and TBMP Section 708.  Finally,

correspondence between opposer's counsel and applicant's

counsel does not fall within any of the enumerated

- 4 -

Opposition No. 91156776

categories of evidence appropriately submitted under a
notice of reliance.

### The Facts

Because so much of the material submitted by opposer
was not properly made of record, the only information we
have about opposer is that it is the owner of its three
pleaded registrations and, because Ms. Adams testified in
her discovery deposition that she visited opposer's website,
we know that opposer has a website.

Applicant adopted the mark PHASE FORWARD during August
2002 and has been in the consulting business as a sole
proprietor since October 2002. Applicant conducts her
business primarily in California, but promotes her mark,
*inter alia*, in Illinois, Maryland and Texas. Applicant's
response to Interrogatory No. 2. Applicant also advertises
and conducts business over the Internet. Adams Deposition,
pp. 33-35. Consistent with the recital of services in the
involved application, the evidence of record demonstrates
that applicant provides consultation services in the fields
of product management, marketing and business planning. In
conjunction with Blue Mug, a Berkeley, California software
company, applicant has strategized about the ways in which
health care facilities would develop wireless software

- 5 -

Opposition No. 91156778

applications to run on handheld devices and wireless phones.
Moreover, applicant has expressed her interest in teaming up
with a health care consultancy firm to equip hospitals with
a "Wireless Fidelity" (Wi-Fi) infrastructure, allowing the
use of personal digital assistants (PDAs) for tasks such as
electronic data capture.  In correspondence of record, she
listed nurses, doctors, administration and other healthcare
staff as potential users of these wireless software, devices
and services.  Adams Deposition, pp. 63-93, Bates Nos. Adams
214, 217, 204, 405-408, and 484.  Applicant testified that
in 2003 her website did list as clients or partners entities
such as McKesson Corporation (provider of healthcare supply,
information and care management products) and Aether Systems
(mobile and wireless data solution provider).

### Our Analysis

- **Standing**

   As a preliminary matter, we find that opposer has
established its standing in view of its registrations of the
term PHASE FORWARD.

- **Priority**

   Because opposer has made of record valid and subsisting
registrations of its pleaded registrations, the issue of
priority does not arise.  *See King Candy Company v. Eunice*

- 6 -

*King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108 (CCPA
1974); and *Carl Karcher Enterprises Inc.* v. *Stars
Restaurants Corp.*, 35 USPQ2d 1125 (TTAB 1995).

- **Likelihood of Confusion**

We turn then to the issue of likelihood of confusion.
Although opposer has pleaded ownership of a family of marks
in its notice of opposition, and has referred to such a
family throughout its briefs, opposer has not demonstrated
that it has promoted any of its marks together, such that
they would be considered a family. *See J & J Snackfoods
Corp.* v. *McDonald's Corp.*, 932 F.2d 1360, 18 USPQ2d 1889
(Fed. Cir. 1991). Therefore, we must determine the issue of
likelihood of confusion with respect to the three individual
marks that are the subject of opposer's registrations.

Our determination of likelihood of confusion must be
based upon our analysis of all of the probative facts in
evidence that are relevant to the factors bearing on the
issue of likelihood of confusion. *See In re E. I. du Pont
de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973).
*See also In re Majestic Distilling Company, Inc.*, 315 F.3d
1311, 65 USPQ2d 1201 (Fed. Cir. 2003). In any likelihood of
confusion analysis, two key considerations are the
similarities between the marks and the relatedness of the

- 7 -

services and/or goods.  *See Federated Foods, Inc. v. Fort*
*Howard Paper Co.*, 544 F.2d 1098, 192 USPQ 24 (CCPA 1976).
*See also In re Dixie Restaurants Inc.*, 105 F.3d 1405,
41 USPQ2d 1531 (Fed. Cir. 1997).

We turn then to the *du Pont* factor focusing on the
similarity or dissimilarity of the marks in their entireties
as to appearance, sound, connotation and commercial
impression.  In this case, as to opposer's first cited
registration, the marks of the parties are identical in
sound and appearance.

As to opposer's two design marks, the literal elements
are identical to applicant's mark as to sound, and as to
appearance, they are substantially the same as applicant's
mark.  Although opposer's design marks also contains a "PF"
design, it is the PHASE FORWARD portion that is the dominant
element of these marks, since consumers will call for
opposer's goods and services using this term.  *See In re*
*Appetito Provisions Co.*, 3 USPQ2d 1553 (TTAB 1987).
Although we have compared the marks in their entireties, we
have thus accorded greater weight to the PHASE FORWARD
portion of opposer's registered marks.  *See In re National*
*Data Corp.*, 753 F.2d 1056, 224 USPQ 749, 751 (Fed. Cir.
1985) [in articulating reasons for reaching a conclusion on
the issue of likelihood of confusion, there is nothing

- 8 -

improper in stating that, for rational reasons, more or less
weight has been given to a particular feature of a mark,
provided the ultimate conclusion rests upon a consideration
of the marks in their entireties].

However, despite the fact that the term PHASE FORWARD
is the same in both marks, because of the goods and services
with which the respective marks are used, they have
connotative differences.  With respect to opposer's goods
and services, the term "phase" suggests a connection with
FDA processes, such as "Phase II clinical trials."  For
applicant's mark, applicant's website shows a presentation
topic known as "New Product Development – Phase 0:  Ideation
and Concept Generation."  Accordingly, prospective customers
are likely to view the word "phase" in opposer's mark as
suggestive of a "phase" of clinical trials, while
applicant's usage may be suggestive generally of a discrete
piece of a consultation service project.  Thus, while the
parties' marks are identical in sound and nearly identical
in appearance, because of the differences in connotation we
cannot say that they convey the same commercial impression.
See *In re British Bulldog, Ltd.*, 224 USPQ 854 (TTAB 1984)
[the mark PLAYERS has different connotations when applied to
shoes and to men's underwear].  Thus, we do not think it
appropriate under these circumstances to apply the general

- 9 -

principle that, when the marks in question are identical (or
substantially so), their contemporaneous use can lead to the
assumption that there is a common source "even when [the]
goods or services are not competitive or intrinsically
related." *In re Shell Oil Co.*, 992 F.2d 1204, 26 USPQ2d
1687, 1689 (Fed. Cir. 1993).

We turn next to the *du Pont* factor focusing on the
similarities/dissimilarities of the goods and services.  It
is well settled that the registrability of applicant's mark
must be evaluated on the basis of the recitation of services
as set forth in the involved application, compared with the
recitation of services and/or the identification of goods
contained in the pleaded registrations of record.  *See*
*Octocom Systems Inc. v. Houston Computer Services Inc.*, 918
F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990) and *Canadian*
*Imperial Bank of Commerce, N.A. v. Wells Fargo Bank*, 811
F.2d 1490, 1 USPQ2d 1813 (Fed. Cir. 1987).  Additionally,
absent any specific limitations in applicant's
identification of goods and the identification of goods and
recitation of services contained within opposer's
registrations, the issue of likelihood of confusion must be
determined by looking at all the usual channels of trade and
methods of distribution for the respective services and

Opposition No. 91156776

goods.  *See* *CBS* *Inc.* *v.* *Morrow*, 708 F.2d 1579, 218 USPQ 198

(Fed. Cir. 1983).

Opposer acknowledges that there are obvious differences

between opposer's services and goods and applicant's

services.  Nonetheless, opposer argues that:

> … it is clear that the goods and services are
> related and that the public will be confused
> as to the source of the goods or services
> from Applicant if she is allowed to use the
> mark for consultation and business planning
> services in and to the pharmaceutical,
> software and healthcare industries.
> Applicant's use of the mark will infringe
> upon related goods/services produced by
> Opposer.  Applicant has marketed herself to
> pharmaceutical and software industries for
> assistance in the creation of wireless
> networks and has indicated plans to expand to
> related goods/services including consultation
> and assistance in the fields of electronic
> data capture.  This electronic data capture
> software and related services are precisely
> the goods and services Opposer markets to the
> public.

Opposer's brief, pp. 16 – 17.

Opposer is correct in noting that goods and services

need not be identical in order to support a finding of

likelihood of confusion.  On the other hand, opposer has the

burden of proof in this proceeding to demonstrate a

relatedness of the services and/or goods, as well as to show

an overlap of customers and institutions.

Based on the limited record before us, we cannot

determine exactly who opposer's customers are.  Although by

- 11 -

the very identifications of opposer's goods and services, it
is obvious that they are used in connection with clinical
trials of pharmaceutical products, it is not clear whether
these goods and services would be sold or offered to
hospitals or other health care facilities, or whether they
would be purchased only by pharmaceutical companies whose
products are being tested, such that the entities actually
carrying out the trials would not encounter opposer's mark.
Thus, even though we must construe applicant's identified
consultation services as encompassing consultation services
rendered to those in the healthcare field (a supposition
confirmed by the evidence showing that applicant is
interested in teaming up with a consultancy firm to equip
healthcare facilities with wireless infrastructures allowing
for tasks such as electronic data capture (Adams Deposition,
pp. 79 - 101)), we cannot find, based on this limited
record, that there is an overlap between opposer's and
applicant's customers.  Moreover, even if we were to assume
that opposer and applicant could offer their respective
goods and services to healthcare facilities such as large
research hospitals, we cannot determine, from this limited
record, that the individual consumers within such large
institutions would be the same.  For example, pharmaceutical
companies may purchase and then supply to those doctors

carrying out clinical tests the specific software that they
purchase from opposer, while others in the administration
area of the hospital would encounter applicant's
consultation services.  See *Electronic Design & Sales* v.
*Electronic Data Systems*, 954 F.2d 713, 21 USPQ2d 1388, 1392
(Fed. Cir. 1992) [The Court found no likelihood of confusion
resulting from the contemporaneous use of applicant's mark
E.D.S. and opposer's mark EDS despite the fact that "the two
parties conduct business not only in the same fields but
also with some of the same companies."  21 USPQ2d at 1391];
see also *In re N.A.D. Inc.*, 754 F.2d 996, 224 USPQ 969, 971
(Fed. Cir. 1985). We cannot base a finding of relatedness of
services and/or goods on mere speculation, and on this
record, find that opposer has failed to show that opposer's
goods and services and applicant's consultation services are
related.  Thus, this key *du Pont* factor favors applicant.

We turn then to the *du Pont* factor focusing on the
conditions under which and buyers to whom sales are made.
Given the respective recitations of services and
identification of goods, by definition, opposer's services
and goods and applicant's services are not purchased
casually by ordinary consumers.  Such purchasers, even if
they were to encounter both parties' services and goods, are
not likely to believe that all goods and services that are

- 13 -

offered in the healthcare area emanate from a single source
simply because they are sold or rendered under the same
mark.  This _du Pont_ factor clearly favors applicant.

Opposer has not submitted any evidence on the factor of
the fame of opposer's marks or the factor of the variety of
services and goods on which opposer's mark is used, and
therefore we find these factors to be neutral.

In conclusion, although the parties have similar marks,
we find, based on this record, that opposer has failed to
prove that applicant's services are sufficiently related to
opposer's goods and services that confusion is likely.  When
.we consider all the _du Pont_ factors on which there is
evidence, we find that opposer has not shown by a
preponderance of the evidence that confusion is likely.
Accordingly, we dismiss the opposition on the ground of
likelihood of confusion.

- **Dilution**

In addition to its claim of likelihood of confusion,
opposer has also pressed a claim of dilution.  The Federal
Trademark Dilution Act (FTDA) provides a federal cause of
action for the dilution of a famous mark, and the Trademark
Amendments Act of 1999 (TAA) "requires the Board to consider

dilution under the FTDA as a ground for opposition."[5]  *Toro*

*Co.* v. *ToroHead Inc.*, 61 USPQ2d 1164 (TTAB 2001).  To

prevail on its dilution claim, opposer must establish, *inter*

*alia*, that its mark is famous.  Furthermore, establishing

fame for dilution purposes is a more rigorous endeavor than

establishing the renown of a mark for a Section 2(d)

likelihood of confusion analysis.  *Toro*, 61 USPQ2d at 1180-

81.  Accordingly, having found *supra* that opposer's PHASE

FORWARD marks have not been shown to be well-known in the

context of our likelihood of confusion analysis, and, in

fact, that opposer submitted absolutely no evidence of fame,

they are *ipso facto* not famous for purposes of dilution.

Accordingly, we dismiss the opposition on the ground of

dilution.

   *Decision*:  We dismiss the opposition on the grounds of

likelihood of confusion and dilution.

---

[5]     The FTDA, 109 Stat. 985, is codified at Section 43(c) of the
Lanham Act, 15 U.S.C. §1125(c), with dilution defined in Section
45, 15 U.S.C. §1127, and the TAA, 113 Stat. 218, is codified in
various sections of Title 15 of the U.S. Code.