**E-Filed 7/24/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PHASE FORWARD INCORPORATED, a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>MARY NOEL ADAMS, individually and d/b/a PHASE FORWARD,<br><br>Defendant. | Case Number C 05-4232 JF (HRL)<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>[re: docket no. 61] |

## I. BACKGROUND

Plaintiff Phase Forward Incorporated ("PFI") has registered the following marks with the United States Patent and Trademark Office ("USPTO"): "Phase Forward" and "PF Phase Forward" for "computer software used in the management of clinical trials of pharmaceutical products and medical devices and management of data resulting therefrom;" and "PF Phase Forward," for "clinical data collection in the field of clinical and medical trial management and

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-4232 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC3)

management services related to human clinical trials." PFI also has registered the mark "Phase Forward" in Japan, Australia, and the European Union. PFI has used the "Phase Forward" mark since December 14, 1998.

On October 1, 2002, Defendant Mary Noel Adams ("Adams"), a California resident doing business as Phase Forward, filed an application to register the mark "Phase Forward" with the USPTO for "consultation services in the fields of product management, marketing and business planning." Adams stated a first use in commerce of the mark "Phase Forward" on September 20, 2002. PFI sent a cease-and-desist letter to Adams on February 26, 2003, requesting that she refrain from further use of the "Phase Forward" mark. Adams refused to stop using the mark, and PFI filed opposition to Adams's application with the USPTO. On August 23, 2005, the Trademark Trial and Appeal Board ("TTAB") dismissed the opposition.

PFI filed its initial complaint in this action on October 19, 2005, seeking review of the decision of the TTAB. The complaint named Adams as the sole defendant. On December 19, 2005, Adams answered the complaint. On July 21, 2006, PFI filed a first amended complaint ("FAC") that asserts claims for: (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) unfair competition in violation of 15 U.S.C. § 1125(A); (3) trademark dilution in violation of 15 U.S.C. § 1125(C); (4) trademark infringement in violation of Cal. Bus. & Prof. Code § 14335; (5) trademark dilution in violation of Cal. Bus. & Prof. Code § 14330; (6) unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq.; (7) California common law trademark infringement and unfair competition; and (8) a request for judicial review of the decision by the TTAB under 5 U.S.C. § 701 et seq.; 15 U.S.C. §§ 1063, 1071(b). On December 1, 2006, Adams moved for summary judgment ("the motion"). PFI filed timely opposition. The Court scheduled oral argument for April 6, 2007. At the hearing, PFI advised the Court that Adams had briefed the motion with respect to only one of the eight counts in the complaint—the Court then continued the hearing and directed Adams to submit a revised brief addressing the entire complaint. The Court heard oral argument on the revised briefs on July 20, 2007.

1 **II.  LEGAL STANDARD**

2   A motion for summary judgment should be granted if there is no genuine issue of
3 material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.
4 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears
5 the initial burden of informing the Court of the basis for the motion and identifying the portions
6 of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that
7 demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.
8 317, 323 (1986).  If the moving party meets this initial burden, the burden shifts to the non-
9 moving party to present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ.
10 P. 56(e); *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party
11 presents evidence from which a reasonable jury, viewing the evidence in the light most favorable
12 to that party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-
13 49; *Barlow v. Ground*, 943 F. 2d 1132, 1134-36 (9th Cir. 1991).

14 **III.  DISCUSSION**

15 **1.    Review of the TTAB decision**

16   Adams moves to dismiss Count VIII (request for judicial review of the decision by the
17 TTAB under 15 U.S.C. §1071(b)), arguing that the TTAB's decision finding no likelihood of
18 confusion or dilution with respect to Adams's trademark should be affirmed.  Adams also argues
19 that because likelihood of confusion is an essential element of Counts I, II, IV, VI, and VII,  if
20 this Court affirms the TTAB's finding there is no likelihood of confusion between PFI's marks
21 and Adams's mark, then Counts I, II, IV, VI, and VII  must also be dismissed.

22   With respect to Count VIII, PFI contends that "the record on which the Court must
23 determine whether summary judgment is appropriate is far more extensive than the record before
24 the TTAB."  Opposition 6.  Specifically, PFI states that the "additional evidence includes items
25 PFI submitted to the TTAB, but which the TTAB did not review or take into account (such as
26 interrogatory answers, affidavits and Internet search results), and evidence created or which came
27 into existence since the commencement of this lawsuit, including Defendant Adams' deposition

28

3

testimony." *Id.*

A party appealing a decision of the TTAB under 15 U.S.C. 1071(b)(1) is permitted to introduce new evidence to the district court. *CAE, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660, 674 (7th Cir. 2001). Thus, in such cases, the district court acts as a trier of facts as to new evidence presented by the parties, and engages in appellate review as to facts by the TTAB. *Id.* Fact finding is not appropriate at the summary judgment stage. *Pro-Football, Inc. v. Harjo,* 284 F. Supp. 2d 96, 102, n.2 (D.D.C. 2003).

As it indicated at oral argument, this Court is not inclined to disturb the procedural rules of the TTAB that limited the evidence PFI sough to present in the administrative proceeding. However, PFI has identified evidence that was not available at the time of to the TTAB decision—including new deposition testimony, evidence of customer confusion at a trade show in Amsterdam, and updated client lists from Adams—which it argues raises issues of fact as to likelihood of confusion. While acknowledging that this evidence is new, Adams suggests that the evidence either is cumulative of evidence before the TTAB or would not change the outcome of the TTAB decision. While some of the new evidence does appear to be cumulative, at least a portion of it is not, and the Court may not weigh the probative value of the evidence on a motion for summary judgment. Accordingly, summary judgment will be denied as to Counts I, II, IV, VI, VII, and VIII.

**2.      Dilution**

Additionally, Adams seeks to dismiss Counts III and V, which allege claims for dilution. Adams argues that the TTAB's finding of no dilution should be affirmed. As to Count III (Federal Trademark Dilution), PFI concedes that it has not met the more rigorous standards set forth in the Trademark Dilution Revision Act ("TDRA"), and thus agrees to dismiss Count III. However, with respect to Count V (California Trademark Dilution), PFI argues that it has attained "niche fame" in the segments of the market in which it conducts its business and that the Ninth Circuit recognizes niche fame as protectible under California dilution law. PFI argues that the evidence in the record, including Adams's client lists and recent deposition testimony, shows

1  that there is a "similar relationship between the industries the parties service, and the trade
2  channels they employ . . . ." Opposition 24.  Adams argues that the evidence does not support a
3  finding that PFI and Adams conduct business in the same market, which is a required element to
4  support a claim of trademark dilution under California law.  However, as with the claims based
5  on likelihood of confusion, the Court may not weigh the evidence at the present stage of the
6  proceeding.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for summary judgment is GRANTED with respect to Count III and otherwise is DENIED.

DATED: July 24, 2007.

JEREMY FOGEL
United States District Judge

Case No. C 05-4232 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC3)

1  This Order has been served upon the following persons:

2  Randy Scott Erlewine        rse@phillaw.com

3  David Given                 dmg@phillaw.com,

4  Keith Lee                   leeke@pepperlaw.com, sanfordl@pepperlaw.com

5  Spencer Martinez            scm@phillaw.com,

6  Laura Thompson              LThompsonesq@comcast.net

7  M. Kelly Tillery            tilleryk@pepperlaw.com, carrollp@pepperlaw.com

8

9  Notice will be delivered by other means to:

10 Nathan W. Dean
   Pepper Hamilton LLP
11 3000 Two Logan Square
   Eighteenth & Arch Streets
12 Philadelphia, PA 19103

13 Matthew Stavish
   6550 Rock Spring Drive
14 Suite 240
   Bethesda, MA 20817

6

Case No. C 05-4232 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC3)