NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PHASE FORWARD INCORPORATED, | Case Number C 05-4232 JF (HRL) |
| Plaintiff, | ORDER[1] GRANTING PLAINTIFF'S MOTION TO RECONSIDER AND VACATE SUMMARY JUDGMENT ON, AND REINSTATE, PLAINTIFF'S FEDERAL TRADEMARK DILUTION CLAIM |
| v. | |
| MARY NOEL ADAMS, individually and d/b/a PHASE FORWARD, | [re: docket no. 77] |
| Defendant. | |

Plaintiff Phase Forward Incorporated ("PFI"), pursuant to this Court's Order granting leave to file a motion for reconsideration, asks the Court to reconsider and vacate its decision to dismiss on summary judgment PFI's federal trademark dilution claim and to reinstate the claim. Defendant Mary Noel Adams, individually and doing business as Phase Forward (collectively, "Adams"), does not oppose the motion. For reasons discussed below, the motion will be granted.

PFI filed its initial complaint in this action seeking review of the decision of the Trademark Trial and Appeal Board on October 19, 2005. On July 21, 2006, PFI filed a first amended complaint ("FAC"), asserting eight separate claims in eight separate counts. Count III

---

[1] This disposition is not designated for publication and may not be cited.

of the FAC alleges that Adams's acts violated 15 U.S.C. § 1125(c), which prohibits dilution of famous marks.

In October 2006, the U.S. Congress enacted the Trademark Dilution Revision Act, Pub. L. 109-312, 120 Stat. 1730 (2006) ("TDRA"), which amended § 1125 by defining a "famous mark" as one "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C.A. § 1125(c)(2)(A) 2007. Prior to the passage of the TDRA, the Ninth Circuit recognized "niche-market fame[2]" as a valid type of fame that could form the basis of a federal trademark dilution claim under § 1125(c). *See Thane Int'l v. Trek Bicycle Corp.*, 305 F.3d 894, 908-09 (9th Cir. 2002). The TDRA, however, eliminated niche-market fame as a basis for a federal trademark dilution claim under § 1125(c). *See Jarritos, Inc. v. Los Jarritos*, 2007 WL 1302506, *17 (N.D. Cal. May 2, 2007).

In April 2007, after the enactment of the TDRA, Adams moved for summary judgment against all the claims in the FAC. At that time the Ninth Circuit had not addressed the issue of whether the TDRA would be applied retroactively. However, at least one other circuit had applied the TDRA retroactively. *See Starbucks Corp v. Wolfe's Borough Coffee, Inc.*, 477 F.3d 765, 766 (2d Cir. 2007). Thus, PFI voluntarily withdrew Count III of its FAC. In its Order, the Court acknowledged PFI's concession that "it has not met the more rigorous standards set forth in the [TDRA] with respect to proving 'niche-market fame'" and dismissed Count III. 7/24/2007 Order at 4:21-23.

However, nine days after the Court issued its Order, the Ninth Circuit decided *Jada Toys v. Mattel, Inc.*, 496 F.3d 974 (9th Cir. 2007), in which the court reversed the district court's grant of summary judgment on Mattel's counterclaim for federal trademark dilution under § 1125(c). The Ninth Circuit noted that because the action was filed before the 2006 amendment of § 1125, the pre-TDRA version of § 1125 applied to Mattel's dilution claim. *Id.* at 980 n.2. Similarly,

---

[2] Niche-market fame is fame of a mark within a limited specialized market segment with an identifiable customer base or within a limited geographic area.

2

PFI's claim for federal trademark dilution under § 1125 was filed before the enactment of the TDRA.  Accordingly, PFI requests that the Court reconsider and vacate its order granting summary judgment on Count III and reinstate PFI's federal trademark dilution claim.

A motion for reconsideration of summary judgment may be brought pursuant to Federal Rule of Civil Procedure 59(e).  *School District No. 1J, Multnomah County v. ACandS*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).  The decision whether to grant reconsideration is committed to the sound discretion of the district court and will be reviewed only for abuse of discretion.  *Multnomah*, 5 F.3d at 1262.

Reconsideration pursuant to Rule 59(e) is appropriate if:  (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.  *Id*. at 1263.  The repetition of arguments that the district court has already considered and rejected is not a proper basis for reconsideration.  *Fuller*, 950 F.2d at 1442.

The Ninth Circuit's decision in *Jada Toys* constitutes an intervening change in controlling law.  Having reconsidered its grant of summary judgment on Count III of the FAC, the Court hereby VACATES its Order of July 24, 2007 and REINSTATES Count III without prejudice to Adams's right to seek summary judgment on some other legal claim in the future.


IT IS SO ORDERED.


DATED: February 5, 2008.

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Randy Scott Erlewine                    rse@phillaw.com

David Given                             dmg@phillaw.com,

Keith Lee                               leeke@pepperlaw.com, sanfordl@pepperlaw.com

Spencer Martinez                        scm@phillaw.com,

Laura Thompson                          LThompsonesq@comcast.net

M. Kelly Tillery                        tilleryk@pepperlaw.com, carrollp@pepperlaw.com